2017 BNH 017
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 15-11089-BAH |
| | Chapter 7 |
| Kenneth Earl Forrester,<br>   Debtor | |
| Michael S. Askenaizer,<br>Chapter 7 Trustee,<br>   Plaintiff | |
| v. | Adv. No. 17-1027-BAH |
| Bank of America, N.A.,<br>   Defendant | |

*Marc W. McDonald, Esq.*　　　　　　　*Matthew J. Delude, Esq.*
*Ford & McPartlin, P.A.*　　　　　　　*Primmer Piper Eggleston & Cramer PC*
*Portsmouth, NH*　　　　　　　　　　*Manchester, NH*
*Attorney for the Plaintiff*　　　　　　*Attorney for the Defendant*

### MEMORANDUM OPINION

**I. INTRODUCTION**

  The matters before the Court are cross-motions for summary judgment filed by the plaintiff Michael S. Askenaizer, Chapter 7 trustee of the estate of Kenneth Earl Forrester, (the "Trustee") and the defendant Bank of America, N.A. ("BOA").[1]  The question presented by the cross-motions is whether the reference to "Unit 3," rather than "Unit 3 A," in the legal description of the property contained in the mortgage renders the instrument defective such that the Trustee may, as a hypothetical lien creditor pursuant to 11 U.S.C. § 544, avoid the mortgage

---
[1] See Doc. Nos. 22 and 33.

and preserve it for the benefit of the estate. For the reasons set forth below, the Court will enter summary judgment in favor of BOA.

## II. JURISDICTION

This Court has authority to exercise jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 157(a), 1334, and U.S. District Court for the District of New Hampshire Local Rule 77.4(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

## III. FACTS

The facts are few and not in dispute. On Schedule A – Real Property, the Debtor listed a condominium with an address of 27 Mountainside Lane #6, Francestown, New Hampshire (the "Property"). The Debtor took title to the Property by warranty deed dated December 20, 2000, which was recorded in the Hillsborough County Registry of Deeds (the "Registry") on December 22, 2000 (the "Warranty Deed"). At present, the Property is encumbered by a mortgage granted by the Debtor to BOA and recorded in the Registry on July 17, 2009 (the "Mortgage"). The Mortgage describes the Property as follows:

> Real property in the City of Francestown, County of Hillsborough, State of New Hampshire, as described as follows: UNIT 3 AS DEFINED, DESCRIBED AND IDENTIFIED IN THE EASTSIDE AT CROTCHED MOUNTAIN CONDOMINIUM DECLARATION. . . . ALSO CONVEYING AN UNDIVIDED INTEREST IN THE COMMON AREA, INCLUDING THE LIMITED COMMON AREA, AS DEFINED, DESCRIBED AND INDENTIFIED IN THE DECLARATION AND ON THE PLAN. APN #: 7-5-3A
>
> Parcel ID Number: 7-5-3a   which currently has the address of 27 MOUNTAINSIDE LANE # 6, FRANCESTOWN

Notably, the above-quoted description identifies the Property in three ways: "Unit 3 as described in the Eastside at Crotched Mountain Condominium Declaration" (the "Condo Declaration"); parcel "7-5-3a;" and "27 Mountainside Lane #6."

There is no "Unit 3" identified in the Condo Declaration. Rather, there is a "Unit 3 A" and a "Unit 3 B." The Warranty Deed to the Debtor conveyed "Unit 3 A," and the Registry records reflect that it is the only real estate the Debtor has ever owned in Francestown, New Hampshire. The tax parcel identification number "7-5-3a" and the street address "27 Mountainside Lane #6," are accurate and unique descriptors for the Property.

The Debtor filed a voluntary Chapter 7 petition on July 8, 2015, and the Trustee was appointed the following day. The Trustee commenced the present adversary proceeding on March 22, 2017, seeking to avoid the Mortgage pursuant to 11 U.S.C. § 544 as a hypothetical lien creditor, alleging that the "conflicting, ambiguous, and/or inaccurate" legal description rendered the Mortgage defective and as such, incapable of giving constructive notice of its existence to third parties. BOA timely filed an answer on June 2, 2017. With no material facts in dispute, the Trustee filed a motion for summary judgment on June 23, 2017, and BOA followed suit on July 24, 2017. The Court heard the cross-motions on September 20, 2017, and at the conclusion of oral arguments, took the matter under submission.

## IV. POSITIONS OF THE PARTIES

A. <u>The Trustee</u>

Emphasizing that "Unit 3" does not exist, the Trustee argues that he can avoid the Mortgage because its legal description is "conflicting, ambiguous, and/or inaccurate," rendering the instrument incapable of giving constructive notice to a hypothetical lien creditor. In support,

he relies on U.S. Bank Nat. Ass'n v. Bickford, No. 13-CV-294-PB, 2015 WL 1470879, at *3 (D.N.H. Mar. 31, 2015), for the proposition that an inconsistent or ambiguous legal description is a material defect in a mortgage. Noting that a lien creditor is not required to conduct a diligent search of the chain of title, the Trustee contends that is irrelevant that he could have resolved the discrepancy after a conducting a "long and laborious analysis." Notably, the Trustee's interpretation of "inconsistency" posits that any error, no matter the size, renders the entire description defective. In so arguing, the Trustee essentially urges a standard of absolute accuracy for cases involving a bankruptcy trustee.

B. BOA

BOA argues that New Hampshire law does not require legal descriptions in mortgages to be perfect, but instead merely provide sufficient information from which the property can be identified. With this in mind, BOA asserts that the Mortgage is not defective because both the tax parcel identification number and street address, which are unique identifiers, accurately describe the Property. To the extent that "Unit 3" does not exist, BOA asserts that anyone looking to the "record," which it emphasizes is not merely the Mortgage but all recorded instruments, would immediately find that "Unit 3 A" corresponds to the listed parcel identification number and street address, and is the only property owned by the Debtor in Francestown, New Hampshire. BOA disputes the Trustee's assertion that the record for purposes of constructive notice consists solely of the Mortgage in question, and notes, ironically, that the only way the he could have discerned an ambiguity in the Mortgage was to look other recorded instruments such as the Warranty Deed and Condo Declaration. Finally, BOA argues

4

that <u>Bickford</u> is inapposite because the nature of the ambiguity in that case made it impossible to determine what property was actually encumbered by the mortgage.

**V. DISCUSSION**

    A. <u>The Summary Judgment Standard</u>

Pursuant to Fed. R. Civ. P. 56, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), made applicable in adversary proceedings by Fed. R. Bankr. P. 7056. "A 'genuine' issue is one supported by such evidence that 'a reasonable jury, drawing favorable inferences,' could resolve it in favor of the nonmoving party." <u>Triangle Trading Co. v. Robroy Indus., Inc.</u>, 200 F.3d. 1, 2 (1st Cir. 1999) (quoting <u>Smith v. F.W. Morse & Co., Inc.</u>, 76 F.3d 413, 427 (1st Cir. 1996)). Material facts are those having the potential to affect the outcome of the suit under the applicable law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>McCarthy v. Northwest Airlines, Inc.</u>, 56 F.3d 313, 314-315 (1st Cir. 1995); <u>Nereida-Gonzalez v. Tirado-Delgado</u>, 990 F.2d 701, 703 (1st Cir. 1993). The United States Court of Appeals for the First Circuit has explained that the absence of a material factual dispute is a necessary condition for summary judgment, but not a sufficient one. <u>Desmond v. Varrasso (In re Varrasso)</u>, 37 F.3d 760, 764 (1st Cir.1994). Even in the absence of a factual dispute, the moving party must show that it is entitled to judgment as a matter of law. <u>Id.</u>

5

B. Avoidance of the Mortgage

Under 11 U.S.C. § 544(a), a trustee is vested with the rights and powers of a hypothetical lien creditor with a judicial lien on the debtor's property. 11 U.S.C. § 544(a)(1). As such, a trustee may avoid a transfer of the debtor's property to the same extent that a hypothetical lien creditor could under applicable state law. Id. New Hampshire is a race-notice jurisdiction, meaning that "a purchaser or creditor has the senior claim if he or she records without notice of a prior unrecorded interest." Amoskeag Bank v. Chagnon, 133 N.H. 11, 14 (1990). Two important principles govern the statutory recording scheme in race-notice jurisdictions like New Hampshire:

> First, all purchasers or creditors are held to be constructively notified of any properly recorded interest, whether or not the purchaser or creditor actually performs a title search. See Lovell v. Osgood, 60 N.H. 71, 72 (1880) (concerning a statute for recording mortgages of personalty). Second, even if no recording of a prior interest is made, a subsequent purchaser or creditor cannot have senior claim to the real estate if he or she has actual notice of the prior interest at the time the subsequent claim is recorded. See Moore v. Kidder, 55 N.H. 488, 493 (1875).

Id. Because a trustee exercises the powers under 11 U.S.C. § 544(a) "without regard to the knowledge of the trustee or any of any creditor," only the first principle—constructive notice arising from properly recorded instruments—is relevant to this case.

To be clear, "[c]onstructive notice simply means record notice." Bickford, 2015 WL 1470879, at *3 (citing General Motors Acceptance Corp. v. Brackett & Shaw Co., 84 N.H. 348 (1930)). "A recording of a property interest provides constructive notice of no other facts than those that appear upon the record." Id. (internal quotation omitted). Notably, unlike a bona fide purchaser or mortgagee, a lien creditor is not charged with inquiry notice of defectively recorded instruments and "may simply rely on the record." Amoskeag, 133 N.H. at 15. Accordingly, the

6

question presented is whether the Mortgage contains a material defect that would prevent it from giving constructive notice to a hypothetical lien creditor.

As recognized by the United States District Court for the District of New Hampshire in Bickford, "New Hampshire law provides no precise and uniform standard that separates properly recorded mortgages, which provide constructive notice, from defective mortgages, which do not." 2015 WL 1470879, at *4. To address this issue, the New Hampshire Supreme Court has adopted a "plain and simple" test to determine whether a recording provides notice of the interest to the public: "whether the record, if examined and read, would be an actual notice of the original instrument and of all its parts and provisions." Gen. Motors Acceptance Corp. v. Brackett & Shaw Co., 84 N.H. at 350 (internal quotation omitted). Therefore, a record may nonetheless give constructive notice of all its provisions when it is "substantially even if not absolutely correct." Id. at 349.

Obviously, logic dictates that mortgages require some description of the land to be encumbered. See N.H. RSA § 477:29. Generally speaking, the rules applying to the descriptions of real estate contained in mortgages are the same as those with respect to all deeds. Notinger v. Wells Fargo Bank, N.A. (In re Prescott), 402 B.R. 494, 499 (Bankr. D.N.H. 2009). "In New Hampshire, '[a] deed must contain a description of the land to be conveyed. . . . [but] [a] deed need not in or by itself fully describe the property if it provides information by which identification is possible (such as reference to a previously recorded deed or plan).'" Id. (quoting N.H. Bar Ass'n Title Examination Standards § 5–50, at 16 (2007)). The test, as articulated by the New Hampshire Supreme Court, is whether "the property conveyed [or encumbered] can be reasonably determined from the description" of the recorded instrument. Smith v. Wedgewood Builders Corp., 134 N.H. 125, 129 (1991); see Alex Builders & Sons, Inc. v. Danley, 161 N.H.

7

19, 25 (2010) (holding that street address and tax map designation is sufficient description for a lien under New Hampshire law). "New Hampshire law, therefore, tolerates some ambiguity, and even some error, in a recording's property description so long as the recording allows the encumbered property to be reasonably determined." Bickford, 2015 WL 1470879, at *5; see also In re Prescott, 402 B.R. at 499 (finding that the mortgage description provided constructive notice of the encumbrance on the debtor's entire property where the description referenced both the entire parcel and also separately a subset of the land); Alex Builders & Sons, Inc., 161 N.H. at 25 (holding that the mistaken inclusion of a second property on a writ of attachment did not affect the validity of the attachment on the properly described first property).

The Bickford decision is instructive because it addressed the same issue, albeit on different facts. In that case, the legal description in the mortgage included the street address and tax map number for one property—9 Elm Street—but also referenced a deed for an entirely different property—19 Elm Street. Id. Notably, *both properties were owned by the same grantor*, making it impossible to discern from the recording itself which property was meant to be encumbered. Id. Accordingly, the district court held that the mortgage did not provide constructive notice of an encumbrance on 9 Elm Street, rendering the bank's title subject to accrued federal tax liens. Id. at 1.

The Trustee contends that the same result in warranted in this case because, like Bickford, the Mortgage refers to two different properties. This argument, however, is undercut by the fact that, as the Trustee points out, "Unit 3" does not exist. From this perspective, the Mortgage does not refer to two different properties, but instead contains two accurate descriptors to a single property actually owned by the Debtor, and one errant reference to a property that does not exist at all. No ambiguity could be said to arise from this inconsistency because, on a

8

practical level, the Mortgage only describes the Property.  Contrary to the Trustee's position, the standard under applicable New Hampshire law simply is not one of flawless identification.  Thus, the Court concludes that the Property is reasonably ascertained from the Mortgage and, as such, a hypothetical lien creditor would be on constructive notice of its existence.

**VI. CONCLUSION**

    For the reasons articulated above, the Court concludes that the Mortgage is not defective, and therefore, not subject to avoidance by the Trustee, entitling BOA to judgment as a matter of law.  Therefore, the Court will grant BOA's motion for summary judgment, and deny the Trustee's motion for summary judgment.  This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052.  The Court will issue a separate judgment consistent with this opinion.

    ENTERED at Manchester, New Hampshire.

Dated: November 13, 2017          /s/ Bruce A. Harwood
                                              Bruce A. Harwood
                                              Chief Bankruptcy Judge